

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

RONALD MATTHEW SANDERS,
Plaintiff,

v.

MERRICK GARLAND, in his official capacity as Attorney General of the United States; and STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF),
Defendants.

Case No.
1:25-cv-10197
Judge Alexakis
Magistrate Judge McLaughlin
RANDOM/Cat. 2

---

## COMPLAINT FOR DECLARATORY JUDGMENT

(28 U.S.C. §§ 2201–2202)

---

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the Second and Fourteenth Amendments.

2. Jurisdiction is proper under 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201–2202.

3. Venue lies in this Court under 28 U.S.C. § 1391(b), as Plaintiff resides in this district and is subject to enforcement of the challenged statutes here.

---

RECEIVED

AUG 2 6 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## II. PARTIES

4. Plaintiff, Ronald Matthew Sanders, is a resident of Cook County, Illinois, and a citizen of the United States. He is directly harmed by the enforcement and threatened enforcement of the federal firearm statutes challenged herein.

5. Defendant, Merrick Garland, is the Attorney General of the United States and is sued in his official capacity. He is responsible for the enforcement of the federal statutes challenged herein, including supervision of all United States Attorneys.

6. Defendant, Steven Dettelbach, is the Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and is sued in his official capacity. He oversees the agents who investigate and enforce the federal firearm statutes challenged herein.

---

## III. FACTS

7. Plaintiff is a citizen of the United States who wishes to exercise his right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments.

8. Plaintiff has prior Illinois convictions for Aggravated Unlawful Use of a Weapon and Unlawful Use of a Weapon by Felon. As a result, he is subject to a lifetime federal ban under 18 U.S.C. § 922(g)(1), which criminalizes mere possession of a firearm or ammunition by any felon.

9. Plaintiff remains under continuing threat of arrest, prosecution, and punishment by federal law enforcement officials, including the ATF and United States Attorneys, for exercising his right to possess firearms or ammunition under the statutes challenged herein.

10. The challenged statutes impose categorical bans on possession of firearms, ammunition, or firearm components that lack any historical analogue from the founding era.

11. Plaintiff brings this action pursuant to Article VI of the United States Constitution, the Second Amendment, and the Fourteenth Amendment, as interpreted in N.Y. State Rifle & Pistol Ass'n v.

Bruen, 142 S. Ct. 2111 (2022), which holds that modern firearm restrictions must be consistent with the Nation's historical tradition of firearm regulation.

---

COUNTS FOR DECLARATORY RELIEF

---

Count I – Felon-in-Possession Ban (18 U.S.C. § 922(g)(1))

12. Plaintiff re-alleges and incorporates the preceding paragraphs.

13. Section 922(g)(1) prohibits any person convicted of a crime punishable by imprisonment for more than one year from possessing any firearm or ammunition.

14. The Second Amendment's plain text covers "the right of the people to keep and bear arms." Plaintiff, as part of "the people," is included within its scope.

15. The burden therefore shifts to the Government to show that § 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation.

16. There is no founding-era analogue for a lifetime ban on firearm or ammunition possession for all felons, regardless of conduct or dangerousness.

17. Section 922(g)(1) violates the Second and Fourteenth Amendments and is preempted under Article VI.

18. Plaintiff seeks a declaratory judgment that § 922(g)(1) is unconstitutional and unenforceable.

---

Count II – Defaced Serial Number Ban (18 U.S.C. § 922(k))

19. Plaintiff re-alleges and incorporates the preceding paragraphs.

20. Section 922(k) prohibits possession of any firearm with the serial number removed, obliterated, or altered.

21. The Second Amendment's plain text covers arms, including firearms in functional condition, regardless of markings.

22. The burden shifts to the Government to identify a historical analogue.

23. Serial numbers did not exist in the founding era, and there was no historical analogue banning firearms based on missing or altered markings.

24. Section 922(k) conflicts with the Second and Fourteenth Amendments and is preempted under Article VI.

25. Plaintiff seeks a declaratory judgment that § 922(k) is unconstitutional and unenforceable.

---

Count III – Machine Gun Ban (18 U.S.C. § 922(o))

26. Plaintiff re-alleges and incorporates the preceding paragraphs.

27. Section 922(o) makes it unlawful for any civilian to possess a machine gun manufactured after May 19, 1986, including parts such as auto sears classified as machine guns.

28. The Second Amendment's plain text covers arms, including all bearable weapons.

29. The burden shifts to the Government to identify a historical analogue.

30. There is no founding-era analogue for banning an entire category of arms based on firing mechanism.

31. Section 922(o) conflicts with the Second and Fourteenth Amendments and is preempted under Article VI.

32. Plaintiff seeks a declaratory judgment that § 922(o) is unconstitutional and unenforceable.

---

Count IV – National Firearms Act Possession Restrictions (26 U.S.C. § 5861)

33. Plaintiff re-alleges and incorporates the preceding paragraphs.

34. Section 5861 prohibits possession of unregistered firearms, including short-barreled rifles, short-barreled shotguns, silencers, and destructive devices.

35. The Second Amendment's plain text covers arms, including these commonly possessed items.

36. The burden shifts to the Government to identify a historical analogue.

37. There is no founding-era analogue requiring individuals to register or obtain prior government approval to keep and bear arms.

38. Section 5861's licensing and registration requirements conflict with the Second and Fourteenth Amendments and are preempted under Article VI.

39. Plaintiff seeks a declaratory judgment that § 5861 is unconstitutional and unenforceable.

---

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that 18 U.S.C. §§ 922(g)(1), 922(k), 922(o), and 26 U.S.C. § 5861 are unconstitutional under the Second and Fourteenth Amendments and preempted by Article VI, the Supremacy Clause.

B. Enjoin Defendants, their officers, agents, employees, successors, and all persons in active concert or participation with them, including all federal law enforcement agencies under their authority, from enforcing the challenged statutes against Plaintiff.

C. Order Defendants not to deny Plaintiff's lawful acquisition, possession, or carrying of firearms and ammunition on the basis of the statutes declared unconstitutional in this action.

D. Award Plaintiff costs and such other relief as this Court deems just and proper.

---

Respectfully submitted,

---

Ronald Matthew Sanders
5032 s st lawrence
8723005852
Grondadon@gmail.com

*Ronald Sanders* 8/26/25