**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RONALD MATTHEW SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE & ROBERT CEKADA,<br><br>Defendants. | No. 25 CV 10197<br><br>Judge Georgia N. Alexakis |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ronald Matthew Sanders desires to keep and bear arms. Sanders, proceeding pro se, sues Attorney General Todd Blanche and Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Robert Cekada in their official capacities,[1] attesting that various federal statutory provisions run afoul of the Second Amendment. Defendants move to dismiss Sanders' complaint for lack of standing and failure to state a claim. [36]. For the reasons that follow, the Court grants their motion.

## I. Legal Standards

A defendant may raise a lack of standing in a motion to dismiss under Rule 12(b)(1). *Retired Chi. Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996). "'[A]t the pleading stage, the plaintiff must clearly … allege facts demonstrating each element' of the standing inquiry.'" *In re Recalled Abbott Infant Formula Prods. Liab.*

[1] Pursuant to Pursuant to Federal Rule of Civil Procedure 25(d), Pam Bondi and Daniel P. Driscoll are automatically substituted as parties in this suit with Todd Blanche and Robert Cekada, respectively.

*Litig.*, 97 F.4th 525, 528 (7th Cir. 2024) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). To establish standing, a plaintiff must allege "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)).

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "sufficient facts to state a claim for relief that is plausible on its face." *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (citation omitted). On a motion to dismiss for failure to state a claim, the court accepts as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016). That said, the court need not credit legal conclusions or "threadbare recitals" supported by "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018).

## II. Background

Sanders challenges the constitutionality of four federal statutory provisions: 18 U.S.C. §§ 922(g)(1), (k), and (o), as well as 26 U.S.C. § 5861. Section 922(g)(1) prohibits any person previously convicted of a felony from possessing a firearm or

ammunition; § 922(k) prohibits possession of any firearm whose serial number has been removed, obliterated, or altered; § 922(o) prohibits possession of most machine guns; and § 5861 prohibits, inter alia, possession of unregistered firearms.[2]

Sanders alleges sparse facts specific to his own position: He alleges that he "wishes to exercise his right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments," and that he is unable to do so because he has prior state felony convictions for aggravated unlawful use of a weapon and unlawful use of a weapon by a felon. [1] ¶¶ 7–8. He does not describe the facts underlying, or circumstances surrounding, those convictions. *See id.* Sanders does allege that his felony convictions subject him to a lifetime federal ban on firearm possession under 18 U.S.C. § 922(g)(1). *Id.* ¶ 8. He pleads that federal law enforcement, including ATF and the Department of Justice, pose a "continuing threat of arrest, prosecution, and punishment" if Sanders were to possess a firearm. *Id.* ¶ 9.

## III. Analysis

### A. Standing

#### 1. Injury

To bring this lawsuit, Sanders must have "suffered an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC*, 594 U.S. at 423.

[2] Sanders purports to challenge these provisions under the Fourteenth Amendment and the Supremacy Clause of Article VI in addition to the Second Amendment. [1] ¶¶ 11, 17, 24, 31, 38. Sanders sues federal actors and asserts claims rooted in federal law. The Fourteenth Amendment does not apply, because no state law is at issue. *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987). The Supremacy Clause is inapposite for the same reason. It stands for the proposition that "where federal and state law conflict, federal law prevails and state law is preempted." *Franco v. Chobani, LLC*, 184 F.4th 599, 602 (7th Cir. 2026). The Court thus evaluates Sanders' claims only under the Second Amendment.

Defendants argue that Sanders' allegation that he "wishes to exercise his right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments" is insufficient to establish an injury on its own, where Sanders does not allege concrete or specific plans to acquire a firearm. [37] at 4 (quoting [1] ¶ 7). Sanders responds by invoking *Susan B. Anthony List v. Driehaus*, which clarifies that plaintiffs who wish to engage in conduct protected by the Constitution but prohibited by statute have standing to challenge the statute at issue without exposing themselves to liability. 573 U.S. 149, 159 (2014).

In general, an intention to engage in conduct "some day" "without any description of concrete plans" does not constitute an "actual or imminent" injury as required by Article III. *Lujan*, 504 U.S. at 564. But "it would be both foolhardy and unfair to always force a plaintiff to break a law to challenge its legitimacy." *Sweeney v. Raoul*, 990 F.3d 555, 559 (7th Cir. 2021) (citing *Susan B. Anthony List*, 573 U.S. at 159); *see also Bell v. Keating*, 697 F.3d 445, 451 (7th Cir. 2012) ("As a general matter, a plaintiff who wishes to engage in conduct arguably protected by the Constitution, but proscribed by a statute, successfully demonstrates an immediate risk of injury."). To show that the threatened enforcement he faces is sufficiently imminent, a plaintiff must allege "both 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute,' and 'a credible threat of prosecution thereunder.'" *Sweeney*, 990 F.3d at 559 (quoting *Babbitt v. Farm Workers,* 442 U.S. 289, 298 (1979)).

Sanders meets both criteria. His complaint sufficiently conveys a desire to possess a firearm. As noted earlier, Sanders alleges that he "wishes to exercise his right to keep and bear arms" and that he is unable to do so owing to felony convictions stemming from Sanders' previous possession and use of firearms. [1] ¶¶ 7–8. True, the complaint does not articulate the precise reasons that Sanders would like to possess a firearm in the future or the precise plan he has in mind for acquiring one. But "a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation modified). The Court therefore draws from Sanders' allegation that he wishes to keep and bear arms and that he has done so in the past the reasonable inference that he intends to do so again, but for the legal barriers he faces.

Sanders' claim is distinct from that in *Satanic Temple, Inc. v. Rokita*, 163 F.4th 1061 (7th Cir. 2026). There, the Satanic Temple brought a challenge against an Indiana law requiring that abortions be performed in-person. *Id.* at 1065. But the Satanic Temple did not identify any of its members who sought abortions via telehealth, or allege that it intended to prescribe abortifacients via telehealth as an organization. *Id.* at 1068–69, 1071. In contrast, an appropriately generous reading of Sanders' complaint leads to the reasonable inference that he intends to own a firearm. That reading distinguishes Sanders' complaint from a case where plaintiffs did not allege that they were "even interested" in buying a firearm. *See Second Amend. Arms*

*v. City of Chicago*, 135 F. Supp. 3d 743, 750 (N.D. Ill. 2015).[3] Sanders' intended course of conduct clearly implicates a constitutional interest, because the Second Amendment protects individuals' rights to keep and bear arms for self-defense. *N.Y. State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1, 17 (2022).

Sanders' complaint also alleges a credible threat of prosecution if Sanders were to possess a firearm in violation of 18 U.S.C. § 922(g)(1). Sanders alleges that he "remains under continuing threat of arrest, prosecution, and punishment by federal law enforcement officials, including the ATF and United States Attorneys, for exercising his right to possess firearms or ammunition." [1] ¶ 9. Sanders also alleges that he has prior Illinois convictions for aggravated unlawful use of a weapon and unlawful use of a weapon by felon. [1] ¶ 8. The fact that he has been convicted of gun-related offenses in the past makes it more plausible that Sanders would face arrest and prosecution for gun-related offenses in the future. In addition, "[t]he existence of the statute constitutes the government's commitment to prosecute in accordance with it." *Bell*, 697 F.3d at 451. As a practical matter, the federal government actively prosecutes cases brought under § 922(g)(1). It is not a vestigial anomaly in the criminal code, but a regular source of criminal liability that realistically places felons

[3] For these reasons, the Court does not find persuasive *Sanders v. City of Chicago*, No. 25 CV 12789, 2026 WL 800676 (N.D. Ill. Mar. 23, 2026), which concluded that a past complaint by Sanders challenging certain of Chicago's gun-control ordinances did not support standing because it was "devoid of any meaningful factual allegations." *Id.* at *3. In the complaint dismissed by the district court in that case, Sanders merely stated that he sought to keep and bear arms for "self-defense and other lawful purposes" and listed the parties he was suing and the ordinances he contested; his complaint did not even include a standalone facts section. *Id.*; *see also* 25 CV 12789 Dkt. 1. Unlike the instant complaint, that prior complaint did not allege that Sanders had prior gun-related convictions or that he was under continuing threat of arrest and prosecution if he were to own a gun. *Id.*

at risk of criminal prosecution if they are found to possess a firearm.[4] That practical landscape, coupled with Sanders' criminal history, lends credence to Sanders' allegation that he faces a credible threat of prosecution were he to possess a gun.

The threat of enforcement distinguishes Sanders' complaint from a challenge made to Illinois' Firearms Restraining Order Act, which enables an individual's family members or members of law enforcement to "file a petition for an emergency restraining order against someone that 'poses an immediate and present danger of causing personal injury to himself, herself, or another by having in his or her custody or control, purchasing, possessing, or receiving a firearm.'" *Gudbrandsen v. Scott*, No. 18 CV 50411, 2019 WL 4242480, at *1 (N.D. Ill. Sept. 6, 2019) (quoting 430 ILCS 67/35(a)). No one had filed such a petition with respect to the plaintiff in *Gudbrandsen*, which made any enforcement challenge highly speculative. *Id.* at *3. On the other hand, Sanders is already subject to the statutes to which he objects.

Sanders thus has established that § 922(g)(1) presents an injury in fact: it subjects him to criminal prosecution for possessing a gun, which he would like to do. But he does not allege an injury in fact caused by the other statutory provisions he challenges: 18 U.S.C. § 922(k), which bans possession of firearms whose serial numbers have been removed, obliterated, or altered; 18 U.S.C. § 922(o), which bans most machine guns; and 26 U.S.C. § 5861, which bans, *inter alia*, the receipt or

---

[4] Recent examples of criminal charges brought under § 922(g)(1) in this District include *United States v. Hampton*, No. 25-CR-00396, 2026 WL 1413850 (N.D. Ill. May 20, 2026); *United States v. Gilford*, No. 25 CR 575, 2026 WL 636727 (N.D. Ill. Mar. 6, 2026); and *United States v. McDowell*, No. 25 CR 160, 2026 WL 266142 (N.D. Ill. Feb. 2, 2026).

possession of firearms that are not registered to the recipient or possessor. Sanders' complaint sufficiently indicates a desire to bear arms, but no desire to own a machine gun, a firearm without an intact serial number, or a firearm that is not registered to him. *See generally* [1]; *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). With no alleged injury stemming from those provisions, Sanders lacks standing to challenge them. *TransUnion LLC*, 594 U.S. at 423. Counts II, III, and IV are dismissed without prejudice. *See White v. Illinois State Police*, 15 F.4th 801, 808 (7th Cir. 2021) ("[A] dismissal on standing grounds can never be with prejudice.").

**2. Causation and Redressability**

Defendants also argue that Sanders lacks standing because a favorable decision declaring § 922(g)(1) unconstitutional would not permit Sanders to own a firearm, since Illinois law separately prohibits felons from possessing firearms. *See* 720 ILCS 5/24-1.1(a). This argument poses two overlapping questions: first, whether redress that would remove a single barrier in the path of a plaintiff's desired conduct suffices to support standing when other barriers remain, and second, whether the threat of federal prosecution creates a unique injury separate from the threat of state prosecution.

The Seventh Circuit discussed an analogous issue in *Schoenthal v. Raoul*: whether plaintiffs who wanted to carry firearms on public transportation had standing to challenge a state statute banning them from doing so, where the public transportation systems had internal rules also prohibiting firearms. 150 F.4th 889, 902–06 (7th Cir. 2025), *cert. denied,* 146 S. Ct. 2158 (2026). In *Schoenthal*, the

defendants argued that even if the plaintiffs received a favorable decision in their challenge to the state statute, they still could be prosecuted for criminal trespass for bringing firearms onto a train in violation of the transportation systems' rules. *Id.* The appeals court found that the plaintiffs still had standing despite the fact that a favorable decision would not, alone, remove all legal barriers to carrying weapons on public transportation. *Id.* at 903–04. It held that the plaintiffs' threat of prosecution under the state statute was a redressable injury separate and apart from any injury posed by a threat of prosecution for trespassing. *Id.* at 903. It also stated that "the ability to effectuate a partial remedy satisfies the redressability requirement." *Id.* (quoting *Uzuegbunam v. Preczewski*, 592 U.S. 279, 291 (2021)) (citation modified). The bottom line, *Schoenthal* explained, is that "removing an additional layer of criminal liability is a form of redress sufficient to confer standing, even though the underlying behavior is still subject to prosecution under other laws." *Id.* (citation modified).[5]

*Schoenthal* instructs that Sanders' standing is not undermined by an analogous state law. *Schoenthal* did "recognize that overlapping criminal statutes could defeat standing in other contexts, and note[d] the need for careful consideration when these concerns arise." *Id.* at 904. But the overlap between § 922(g)(1) and 720

[5] In a concurrence in *Schoenthal*, Judge St. Eve noted that the law is ambiguous about the question of whether partial redress generally supports standing. *See Schoenthal*, 150 F.4th at 925 (St. Eve, J., concurring) (asking "If there are multiple independent barriers to redress, would removing one suffice, or must the relief sought lift all barriers?" and concluding that the Supreme Court has not provided a clear answer). For purposes of resolving this motion, though, the Court applies the holding from *Schoenthal* on redressability.

ILCS § 5/24-1.1(a) is not so complete that it defeats standing. Threatened enforcement under § 922(g)(1) is a distinct injury from threatened enforcement under § 5/24-1.1(a). Federal criminal prosecution is a distinct threat from state criminal prosecution. *See Setser v. United States*, 566 U.S. 231, 241 (2012) ("In our American system of dual sovereignty, each sovereign—whether the Federal Government or a State—is responsible for the administration of its own criminal justice system.") (citation modified); *see also Gamble v. United States*, 587 U.S. 678, 681–82 (2019) (reaffirming the "dual-sovereignty doctrine," in a case where the defendant was convicted by the state for possessing a firearm as a felon and later faced federal prosecution under § 922(g)(1)). If he were to own a gun, Sanders could be charged and convicted under both laws, "thus resulting in steeper penalties for the same conduct." *Reporters Comm. for Freedom of the Press v. Rokita*, 147 F.4th 720, 728–29 (7th Cir. 2025).

Because § 922(g)(1) presents not just one barrier among multiple to Sanders' wish to keep and bear arms but a separate injury of federal criminal prosecution that is independently justiciable, Sanders has standing to challenge it.

**B. Constitutionality of 18 U.S.C. § 922(g)(1)**

Regardless, Sanders' constitutional challenge to § 922(g)(1) fails on the merits. Sanders' complaint alleges that "[t]he challenged statutes [including § 922(g)(1)] impose categorical bans on possession of firearms, ammunition, or firearm components that lack any historical analogue from the founding era." [1] ¶ 10. His complaint is devoid of any facts indicating that § 922(g)(1) is unconstitutional as applied to him individually but rather alleges that the provision is unconstitutional

writ large. *Id.* ¶¶ 10–11, 13–17. For example, he seeks a declaration that § 922(g)(1) is "unconstitutional and unenforceable" on the whole, not only as it applies to him. *Id.* ¶ 18, Prayer for Relief ¶ A. His complaint therefore presents a facial challenge to § 922(g)(1).

A facial challenge is difficult to mount successfully; to survive a motion to dismiss on a facial challenge, Sanders would have to plausibly allege that "no set of circumstances exists under which the Act would be valid." *United States v. Seiwert*, 152 F.4th 854, 860 (7th Cir. 2025) (quoting *United States v. Rahimi*, 602 U.S. 680, 693 (2024)). "To prevail [on a facial challenge], the Government need only demonstrate that the challenged provision is constitutional in some of its applications." *Id.* (citation modified).

Here, the government can easily meet its burden. Post-*Bruen*, the Seventh Circuit has held that § 922(g)(1) does not violate the Second Amendment on its face. In *United States v. Gay*, it noted that an argument that § 922(g)(1) is unconstitutional was "hard to square" with the Supreme Court's dicta in *Heller*, which "pointedly stated that 'longstanding prohibitions on the possession of firearms by felons' are valid." *United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). The Seventh Circuit underscored that conclusion earlier this year, confirming that § 922(g)(1) has many valid applications. *United States v. Prince*, 171 F.4th 1009, 1011 (7th Cir. 2026), *cert. denied,* No. 26-5228, 2026 WL 2976970 (U.S. Oct. 5, 2026); *see also United States v. Watson*, 171

F.4th 1012, 1013 (7th Cir. 2026), *cert. denied,* No. 26-162, 2026 WL 2976245 (U.S. Oct. 5, 2026). Sanders' facial challenge must fail.

In response, Sanders argues that he "challenges the permanent application of § 922(g)(1) to him specifically." [39] at 4. He continues to state that he has never been convicted of violent conduct, adjudicated dangerous, or been found to pose a credible threat to others. *Id.* These allegations, though, are not present in his complaint. *See generally* [1]. "[A] complaint may not be amended by the briefs in opposition to a motion to dismiss." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012). Because Sanders' complaint poses a facial challenge to § 922(g)(1) that Seventh Circuit precedent forecloses, his complaint fails to state a claim upon which relief can be granted.

## IV. Conclusion

For the reasons stated, defendants' motion to dismiss is granted. [36]. Sanders may file an amended complaint if he can cure the deficiencies identified in this opinion while still complying with his obligations under Federal Rule of Civil Procedure 11. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) ("Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss."). Rule 11 requires all parties to certify that the claims and legal contentions made in their pleadings "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." When filing any amended complaint, Sanders must ensure that challenges presented

therein are nonfrivolous, meaning they have a good-faith factual and legal foundation. "Most claims or arguments held to be 'frivolous' are not silly or laughable, as the word implies, but simply so clearly blocked by statute, regulation, binding or unquestioned precedent, or some other authoritative source of law that they can be rejected summarily." *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). Any amended complaint is due on or before November 13, 2026.

The Clerk is directed to update the docket to reflect that the proper defendants are Todd Blanche and Robert Cekada and to update the case caption accordingly.

ENTER:

Georgia N. Alexakis
United States District Judge

Date: 10/23/2026